UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OSIAS JONAS BERNARDES,

    Plaintiff,

v.

LOREN K. MILLER, *Director,*
*USCIS Nebraska Service Center,*
UR JADDOU, *Director,*
*U.S. Citizenship and Immigration Services,*
ALEJANDRO MAYORKAS,
*Secretary of Homeland Security,* and
CHRISTOPHER A. WRAY, *Director,*
*Federal Bureau of Investigation,*

    Defendants.

Civil Action No. TDC-23-2273

**MEMORANDUM OPINION**

Plaintiff Osias Jonas Bernardes has filed this civil action against certain officials of the United States Department of Homeland Security ("DHS"); United States Citizenship and Immigration Services ("USCIS"), a component agency of DHS; and the Federal Bureau of Investigation ("FBI"), in which he seeks a writ of mandamus, a declaratory judgment, and injunctive relief to require USCIS to adjudicate his previously submitted application for a provisional waiver of unlawful presence. Defendants have filed a Motion to Stay, which is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be GRANTED.

**BACKGROUND**

Plaintiff Osias Jonas Bernardes is not a citizen of the United States and not lawfully present in the United States, but he is married to a U.S. citizen. Bernardes is seeking to become a lawful permanent resident of the United States through a petition for an immigrant visa filed by his wife,

Nilda Barreto Lima. Although USCIS has approved that petition, Bernardes must appear at a United States consulate in his native country to seek issuance of an immigrant visa. On March 15, 2022, Bernardes filed with USCIS an application for a provisional waiver of unlawful presence ("waiver application") on Form I-601A, without which Bernardes, upon departing the United States to attend a consular appointment, would be deemed ineligible to receive a visa and inadmissible to the United States for up to 10 years. To date, his Form I-601A has not yet been adjudicated by USCIS.

On August 19, 2023, Bernardes filed suit in this Court seeking a writ of mandamus, or declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) (2018), to require USCIS to adjudicate his waiver application within 30 days, or within 30 days of the agency's receipt of Bernardes's response to any future request for information related to his eligibility for a waiver. On October 25, 2023, Defendants filed a Motion to Stay this action pending resolution of a separate case currently on appeal to the United States Court of Appeals for the Fourth Circuit, *Lovo v. Miller*, No. 23-1571 ("*Lovo*").

In *Lovo*, the plaintiff is similarly seeking a writ of mandamus or an order pursuant to the APA requiring USCIS to adjudicate his Form I-601A. *See Lovo v. Miller*, No. 22-0067, 2023 WL 3550167, at *1-2 (W.D. Va. May 18, 2023). The Fourth Circuit is reviewing a decision by the United States District Court for the Western District of Virginia which held that the district court lacked subject matter jurisdiction over the plaintiff's claim based on a provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(9)(B)(v) (2018), which provides that:

> The Attorney General has sole discretion to waive [the inadmissibility of an unlawfully present alien who departed the United States] in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or

parent of such alien. No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.

*Id.* The district court held that this provision bars judicial review of USCIS's "decision or action to delay the processing of plaintiffs' Form I-601A application." *Lovo*, 2023 WL 3550167, at *3-4. The appeal has been fully briefed, and oral argument was scheduled for January 25, 2024.

## DISCUSSION

In their Motion to Stay, Defendants argue that this case should be stayed pending the Fourth Circuit's decision in *Lovo* because that appeal addresses a specific question which may resolve the present case: whether federal district courts have jurisdiction to order USCIS to make a determination on a Form I-601A after an allegedly lengthy delay. Bernardes opposes the Motion.

### I.   Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

"The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). When considering a discretionary motion to stay, courts typically examine three non-exclusive factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy; (2) the hardship to the moving party if the case is not stayed; and (3) the potential

damage or prejudice to the non-moving party if a stay is granted. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 501–02 (D. Md. 2013).

**II.   Judicial Economy**

On a motion to stay, judicial economy, or the impact on the orderly course of justice, is typically "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Defendants argue that, because *Lovo* will likely resolve a key question that could be dispositive in the present case—whether a district court has jurisdiction to order USCIS to act on a Form I-601A—a stay would advance considerations of judicial economy by simplifying the issues before this Court, reducing the burdens of litigation for both the Court and the parties, and avoiding the risk of inconsistent rulings and "duplicative and potentially erroneous" decisions if this Court were to rule on this question differently from the Fourth Circuit in *Lovo*. Mot. Stay at 3-4, ECF No. 16. Defendants cite 11 similarly situated cases in which judges in this District have granted stays pending the Fourth Circuit's decision in *Lovo* with the consent of the parties, and one in which the stay was granted over the objection of the plaintiff. *See Flores v. Jaddou*, No. JMC-23-2004, 2023 WL 7282897, at *1-3 (D. Md. Nov. 3, 2023).

In this instance, judicial economy favors a stay. Federal courts have "inherent authority . . . to stay an action pending the outcome of parallel proceedings in another court." *United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017) (citing *Landis*, 299 U.S. at 254). At the same time, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Here, the Fourth Circuit's impending resolution of *Lovo* directly impacts a key question of law in this

4

case, specifically, whether federal courts are barred from ruling on a request for an order requiring USCIS to make a decision on a Form I-601A waiver application, which is precisely the relief sought by Bernardes. If the Fourth Circuit rules that federal courts lack jurisdiction over this issue, that decision would resolve the present case.

Bernardes asserts that this case should not be stayed because, considering the merits, the Fourth Circuit is likely to reverse in *Lovo* and find that the INA provision at issue does not preclude judicial review of claims of agency delay in processing Forms I-601A. Bernardes argues that the statement that courts lack jurisdiction "to review a decision or action . . . regarding a waiver" does not apply to a request for a court order that USCIS act on a Form I-601A waiver application because there is no "decision" or "action" to be reviewed. 8 U.S.C. § 1182(a)(9)(B)(v). At present, however, federal courts are split on this issue. At least five judges across three districts have agreed with Bernardes's position that 8 U.S.C. § 1182(a)(9)(B)(v) does not bar judicial review of a failure to act on a Form I-601A waiver. *See, e.g., Saavedra Estrada v. Mayorkas*, No. 23-2110, 2023 WL 8096897, at *5-6 (E.D. Pa. Nov. 21, 2023); *Lara-Esperanza v. Mayorkas*, No. 23-1415, 2023 WL 7003418, at *4-5 (D. Colo. Oct. 24, 2023); *Bamba v. Jaddou*, No. 23-0357, 2023 WL 5839593, at *3 (E.D. Va. Aug. 18, 2023). In contrast, at least nine judges across eight districts have held, as in the district court's ruling in *Lovo*, that courts lack jurisdiction over such claims. *See, e.g. Soto v. Miller*, No. 23-5069, 2023 WL 8850747, at *3-5 (E.D. Wash. Dec. 21, 2023); *Soni v. Jaddou*, No. 23-8004292, 2023 WL 8004292, at *3 (N.D. Ill. Nov. 17, 2023); *Vijay v. Garland*, No. 23-0157, 2023 WL 6064326, at *2 (M.D. Fla. Sept. 18, 2023). In light of the lack of unanimity in rulings on this issue, the Court will not conclude that the Fourth Circuit will necessarily find that federal courts have jurisdiction over claims of a failure to act on a Form I-601A waiver application.

Furthermore, even if the Fourth Circuit were to rule that federal courts may adjudicate claims for an order requiring USCIS to act on a Form I-601A waiver application, a stay pending such a ruling would still have advanced judicial economy by eliminating the need for this Court to analyze and resolve a motion to dismiss based on the same argument advanced in *Lovo*. Finally, a stay would avoid the risk that this Court could reach a different conclusion from the Fourth Circuit on this issue, which would likely result in the need for the filing and resolution of additional motions to align the Court's ruling with that of the Fourth Circuit. For all of these reasons, the Court finds that judicial economy favors a stay.

### III.   Hardship to the Moving Party

Generally, the party seeking a stay must make "a clear case of hardship or inequity in being required to go forward" absent a stay. *Landis*, 299 U.S. at 255. The Court does not find that this factor weighs appreciably in favor of a stay. While the denial of a stay would cause Defendants to have to continue to litigate the case, the most likely next step would be the filing of a motion to dismiss based the argument at issue in *Lovo*. Where the U.S. Department of Justice has litigated this same issue in multiple federal courts, *see supra* part II, the time and expense required for the Government to file a brief on this issue utilizing the same arguments would be limited. *See Lockyer*, 398 F.3d at 1112 (finding that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'"). To the extent that this Court were to issue a ruling in favor of Bernardes that proves to be inconsistent with a future decision by the Fourth Circuit in *Lovo*, there could be some additional time and expense associated with additional litigation steps taken before that ruling is issued. However, where the Fourth Circuit was scheduled to hear oral argument in *Lovo* this month, it is unlikely that this Court, which has yet to receive a motion to dismiss, would both reach a decision on the same issue and also require

substantial additional litigation activities before a ruling is issued in *Lovo*. So the hardship to the moving party in the absence of a stay would be limited.

## IV.     Hardship to the Non-Moving Party

As for the third factor, the Court recognizes that any additional delay in this case causes some hardship and prejudice to Bernardes. Having filed his Form I-601A with USCIS nearly two years ago, Bernardes has already endured a significant delay in his ability to secure lawful permanent residence status. He cannot reasonably seek to complete this process at this time because should he attempt to travel abroad to obtain an immigrant visa from a U.S. consulate without a waiver of unlawful presence, he would likely be deemed ineligible to receive that visa and inadmissible to the United States for ten years. 8 U.S.C. § 1182(a)(9)(B)(i)(II) (stating that "[a]ny alien . . . other than an alien lawfully admitted for permanent residence" who "has been unlawfully present in the United States for one year or more" and seeks admission within 10 years of departure "is inadmissible"). Bernardes represents that as a result of the delay, he and his wife have suffered lost economic opportunities because the business upon which they depend financially cannot grow until he attains permanent legal status. He also asserts that where his wife depends on him financially, the delay in a decision on his Form I-601A has exacerbated his wife's physical and mental health conditions. These and other hardships asserted by Bernardes weigh against a stay.

At the same time, the Court does not find that denial of a stay would necessarily lead to a faster resolution of the present case. If the Court were to deny a stay, it would not necessarily move directly to resolution of the merits of Bernardes's case. Rather, Defendants would likely file a motion to dismiss based on the same argument advanced in *Lovo* and in the other similarly situated cases. This Court's resolution of such a motion is not likely to occur before the Fourth

7

Circuit's resolution of *Lovo*, particularly where that case has already been briefed and was scheduled for oral argument on January 25, 2024. Even if this Court were to resolve such a motion in favor of Bernardes before a ruling in *Lovo*, it is highly unlikely that much progress would be made toward a merits determination before the ruling in *Lovo*. Accordingly, the hardship to Bernardes caused by a stay is not markedly more substantial than the hardship that would result from the time required for the resolution of this case in the ordinary course.

## V.   Balance of the Factors

Upon consideration of all of the factors, the Court finds that although the prejudice to Bernardes resulting from a stay is substantially greater than any hardship faced by Defendants in the absence of a stay, the benefits of a stay to judicial economy outweigh the hardship to Bernardes that would result from the potential additional delay in the ultimate resolution of the case that would follow from a stay. In particular, the benefits to judicial economy of awaiting definitive guidance on the availability of judicial review of claims of unreasonable delay in adjudicating Forms I-601A, which is due in relatively short order from the Fourth Circuit, warrant the grant of a stay. The Court will therefore grant the Motion to Stay this case pending the resolution of *Lovo*.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay, ECF No. 16, will be GRANTED, and this case will be stayed pending the ruling of the United States Court of Appeals for the Fourth Circuit in *Lovo v. Miller*, No. 23-1571.

Date: January 29, 2024

THEODORE D. CHUANG
United States District Judge